Alejandro P. Gutierrez, SBN 107688
*agutierrez@hathawaylawfirm.com*
**HATHAWAY, PERRETT, WEBSTER, POWERS,
CHRISMAN & GUTIERREZ, APC**
5450 Telegraph Road, Suite 200
Ventura, CA  93006-3577
Tel: (805) 644-7111; Fax: (805) 644-8296

Daniel J. Palay, SBN 159348
*djp@calemploymentcounsel.com*
Brian D. Hefelfinger, SBN 253054
*bdh@calemploymentcounsel.com*
**PALAY HEFELFINGER, APC**
1484 E. Main Street, Suite 105-B
Ventura, CA 93001
Tel: (805) 628-8220; Fax: (805) 765-8600

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF FULLER, an individual; RANDALL CHUN, an individual; on behalf of themselves and other persons similarly situated,<br><br>Plaintiffs,<br>v.<br><br>ZEP, INC., a Delaware corporation; ACUITY SPECIALTY PRODUCTS, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  3:18-cv-2672-___-___<br><br>CLASS ACTION<br><br>**COMPLAINT FOR:**<br> 1) **BREACH OF CONTRACT**<br> 2) **BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**<br> 3) **FAILURE TO PAY WAGES OWED;**<br> 4) **UNJUST ENRICHMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**TO ALL INTERESTED PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

COME NOW, Plaintiffs JEFF FULLER, an individual; RANDALL CHUN, an individual ("Plaintiffs") and the putative class, and submit the following Complaint against ZEP, INC., ACUITY SPECIALTY PRODUCTS, INC., and DOES 1 through 100, inclusive (collectively "ZEP" or "Defendants"), and each of them, as follows.

## INTRODUCTION

1. This is a class, collective, and representative action brought by Plaintiffs, on behalf of themselves and all others similarly situated. Plaintiffs and those similarly situated are or were employed by Defendants as Employees and Outside Salespersons and were denied proper compensation as required by state and federal law.

2. The Class is made up of each and every person who has worked for Defendants in California and the United States as an Outside Sales Representative within four years of the filing of this action (the "Class Period").

3. During the Class Period, Defendants failed to pay wages/commissions to Plaintiffs and each member of the putative classes as required by federal and state law. Further, the Defendants have engaged in an unlawful policy and practice of taking accounts and commissions obtained by salespersons in violation of both the written contract that all salespersons signed and applicable law.

4. ZEP has a history of engaging in unlawful conduct with regard to its outside salespersons. At the time these accounts were obtained, each representative was never informed that the accounts or the commissions generated from these accounts could be taken from them unilaterally by Defendants. In fact, Plaintiffs and the current and former employees they seek to represent were informed in writing that such commissions would be earned when payment was made by the customer.

5. The representatives were also promised in writing that any changes to any commission program could only be applied "prospectively". In other words, any new accounts obtained after a modification to the agreement could be made, but any new commission plan would not be effective retroactively, *i.e.*, to accounts that had been obtained prior to any modification of the plan.

6. However, in direct contradiction with those written promises, beginning in approximately 2017, ZEP began unilaterally and surreptitiously taking accounts/commissions obtained by their outside salespersons. Effective April 1, 2018, ZEP placed a policy in writing in which it acknowledged that it would began taking accounts/commissions from these sales persons. Simply stated, such conduct by the Company violates the law.

7. The within Plaintiffs seek relief for all such individuals.

## VENUE AND JURISDICTION

8. This Court has personal and subject matter jurisdiction over all causes of action asserted herein. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiffs assert causes of action arising under federal law. In addition, this Court has original jurisdiction for all state law claims asserted under California law pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), in that the estimated damages involved in the claims alleged will exceed $5,000,000, the number of members of all proposed plaintiff classes in the aggregate exceeds 500, and the parties to this action are residents of different states.

9. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

10. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all times material herein, Defendant ZEP has been actively conducting business in the State of California and within the geographic area encompassing the Northern District of the State of California, where it employs putative class members.

11. Jurisdiction over Plaintiffs' state law class action claims under the California Labor Code are based upon this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a), because the state law claims and the underlying allegations are so related to Plaintiffs' federal claims that they form a part of the same case or controversy between Plaintiffs and Defendants.

## THE PARTIES

12. At all times herein mentioned, Plaintiff Jeff Fuller was an employee of Defendants, working in the state of California as a salesperson working and residing in Alameda, California.

13. At all times herein mentioned, Plaintiff Randall Chun was an employee of Defendants,

working as a salesperson and residing in the state of Hawaii.

14. At all times herein mentioned, Plaintiffs are informed and believe and, based on such information and belief, thereon allege that ZEP does business (and employs numerous of putative class members) in the Northern District of California.  ZEP's principal place of business/headquarters is in Atlanta, Georgia.  Plaintiffs are informed and believe, and, based on such information and belief, thereon allege that all times herein mentioned, Acuity Specialty Products, Inc.'s, is a subsidiary of ZEP and its principal place of business/headquarters is also in Atlanta, Georgia.

15. The true names and capacities, whether individual, corporate, associate, representative or otherwise, of the defendants identified herein as Does 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by said fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities of Does 1 through 100 when they have been ascertained.  Does 1 through 100 are in some manner legally responsible for the wrongs and injuries alleged herein.

16. Each of the Defendants acted as the agent or employee of the other Defendants and each acted within the scope of that agency or employment.

## CLASS ACTION ALLEGATIONS

17. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> Each and every person who has worked for Defendants in the United States as an outside salesperson at any time within three (3) years prior to the filing of this complaint (the "Class Period") who has had one or more accounts obtained by the salesperson, taken from them by the Defendants.

18. <u>Numerosity</u>: The Class represents over 350 persons and is so numerous that the joinder of each member of the Class is impracticable

19. <u>Typicality</u>: Plaintiffs' claims are typical of the members of the Class. Plaintiffs are informed and believe that other outside salespersons had accounts which were obtained by them, taken from them in violation of their common sales contract and in violation of Defendants' written policies.  Plaintiffs had the same contract, duties and responsibilities as other Class members.  Plaintiffs and the Class were subject to Defendants' common policy and practice of taking accounts and commissions

owed.

20. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants such as Ecolab.  The members of the Class that Plaintiffs seek to represent have no plain, speedy or adequate remedy at law against Defendants, other than by maintenance of this class action, because Plaintiffs are informed and believe, and on such information and belief allege, that the damage to each member of the Class is relatively small and that it would not be economically feasible to seek recovery against Defendants other than by a class action.

21. <u>Adequacy</u>: Plaintiffs will fairly and adequately represent the interests of the Class because Plaintiffs are members of the Class, and Plaintiffs' claims are typical of those in the Class.

22. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. The common questions of law and fact that predominate in this matter include:

    a. Whether Defendants' policy and practice of taking accounts obtained by salespersons retroactively either with or without notice breached the contract or the duty of good faith and fair dealing?

    b. Whether Defendants unlawfully failed to pay employees commissions owed?

    c. Whether the Defendants were unjustly enriched by their conduct?

23. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Class may result in inconsistent or varying adjudications and creates the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not parties to this action, impeding their ability to protect their interests

24. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

25. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions only affecting individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Class pay to which they are entitled. The damages suffered by the individual Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

26. Plaintiffs intend to send notice to all members of the Class to the extent required by Rule 23. The names and addresses of the members of the Class are available from Defendants.

## FIRST CAUSE OF ACTION

*Breach of Contract*

**(Action Brought by Plaintiffs on Behalf of Themselves**

**And the Class Against All Defendants**)

27. Plaintiffs refer to paragraphs 1 through 26 and incorporate the same by reference as though fully set forth herein

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiffs brings this action on behalf of themselves and other similarly situated employees. The employees similarly situated are as follows:

> Each and every person who has worked for Defendants in the United States as an outside salesperson at any time within three (3) years prior to the filing of this complaint and the trial of this action (the "Class Period") who has had accounts obtained by the salesperson, taken from them by the Defendants.

29. Upon information and belief, Plaintiff allege that they and each member of the class signed an identical contract concerning his/her compensation. This contract did not allow the Defendants to take accounts that Plaintiffs had obtained. Further, the Defendants promised in writing that they would not retroactively take accounts which Plaintiffs had obtained. Defendants knew that Plaintiffs and the class performed work that required correct commissions to be paid. Defendants operated under a scheme to deprive these employees of compensation by surreptitiously taking these

1  accounts.  Later, on or about April 1, 2018, Defendants simply notified the putative class in writing
2  that they were going to take the accounts obtained by the salespersons.

3      30. Such conduct breached the contracts entered between Defendants and the Plaintiffs and
4  putative class.

5      31. Defendants' breaches of the contract have been done willfully and in bad faith.

6      32. The employment and work records for the Plaintiffs and the putative class, to the extent
7  that they do exist, are in the exclusive possession, custody, and control of Defendants, and Plaintiffs
8  are unable to state at this time the exact amount owing to them.  However, based upon the information
9  known at this time, the amount unlawfully taken by Defendants exceeds $6,000,000.00.

## SECOND CAUSE OF ACTION

*Violation of the Duty of Good Faith and Fair Dealing*

**(Action Brought by Plaintiffs on Behalf of Themselves**

**And the Class Against All Defendants**)

14      33. Plaintiffs refer to paragraphs 1 through 32 and incorporate the same by reference as
15  though fully set forth herein

## COLLECTIVE ACTION ALLEGATIONS

17      34. Plaintiffs brings this action on behalf of themselves and other similarly situated
18  employees.  The employees similarly situated are as follows:

> Each and every person who has worked for Defendants in the United States as an outside salesperson at any time within three (3) years prior to the filing of this complaint and the trial of this action (the "Class Period") who has had accounts obtained by the salesperson, taken from them by the Company.

22      35. Upon information and belief, Plaintiff and the class each signed an identical contract
23  concerning his/her compensation.  This contract did not allow the Defendant to take accounts that
24  Plaintiffs had obtained.  Further, the Defendants promised in writing that it would not retroactively do
25  so. Defendants knew that Plaintiffs and the class performed work that required correct commissions to
26  be paid. Defendants operated under a scheme to deprive these employees of compensation by first
27  surreptitiously taking these accounts. Later, on or about April 1, 2018, Defendants simply notified the
28  putative class that it was going to simply take the accounts obtained by the salespersons.

36. Such conduct violates not only the contract, but the duty of good faith and fair dealing.

37. Defendants' breaches of the contract and the covenant of good faith and fair dealing has been done in a willful and bad faith manner.

38. The employment and work records for the Plaintiffs and the putative class, such that they do exist, are in the exclusive possession, custody, and control of Defendants, and Plaintiffs are unable to state at this time the exact amount owing to them. However, based upon the information known at this time, the amount unlawfully taken by Defendants exceeds $6,000,000.00.

## THIRD CAUSE OF ACTION

*Failure to Pay Wages Pursuant to California Law*

**(Action Brought by Plaintiffs on Behalf of Themselves**

**And the Class Against All Defendants)**

39. Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

40. California law requires payment of wages owed when earned. Plaintiffs bring this action on behalf of themselves and other similarly situated employees. The employees similarly situated in this subclass are as follows:

> Each and every person who has worked for Defendants in California as an outside salesperson at any time within three (3) years prior to the filing of this complaint (the "Class Period") who has had one or more accounts obtained by the salesperson, taken from them by the Defendants.

41. Plaintiffs and the subclass regularly sold products for which they were not compensated commissions and for which they were not paid.

42. Plaintiffs and the subclass of California outside representatives seek such wages owed to them for the three-year period measured backward from the date of the filing of the initial Complaint in this matter pursuant to California law.

43. The exact amount of these wages owed will not be fully ascertained until discovery is completed. Until Defendants produce the necessary documents for an accounting, Plaintiffs are unable to determine the exact amount of wages owed.

44. Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of wages,

the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2." Plaintiffs seek such interest on all wages owed to themselves and the Class for the three-year period measured backward from the date of the filing of the initial Complaint in this matter.

45. Pursuant to Labor Code section 218.5, Plaintiffs request the Court to award Plaintiffs' reasonable attorney's fees and costs incurred in this action.

## FOURTH CAUSE OF ACTION

*Unjust Enrichment*

**(Action Brought by Plaintiffs on Behalf of Themselves**

**And the Class Against All Defendants)**

46. Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

47. The Defendants have unjustly obtained a benefit at the expense of the plaintiffs and the putative class such that restitution is warranted.

48. Plaintiffs and the putative class seek restitution of these amounts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Class, pray for relief as follows:

**On the First Cause of Action**

1. For designation of this action as a class action on behalf of the Plaintiffs and the class they seek to represent.
2. For damages owed according to proof;
3. For prejudgment interest at the statutory rate;
4. For costs of suit; and
5. For any other and further relief that the Court considers just and proper.

**On the Second Cause of Action**

1. For designation of this action as a class action on behalf of the Plaintiffs and the class they seek to represent.
2. For damages owed according to proof;
3. For prejudgment interest at the statutory rate;
4. For costs of suit; and
5. For any other and further relief that the Court considers just and proper.

**On the Third Cause of Action**

1. For designation of this action as a class action on behalf of the Plaintiffs and the class they seek to represent.
2. For wages owed under California law according to proof;
3. For prejudgment interest pursuant to Labor Code sections 218.6 and Civil Code sections 3288 and 3291 on all amounts claimed;
4. For attorney's fees and costs pursuant to Labor Code sections 218.5,

**On the Fourth Cause of Action**

1. For designation of this action as a class action on behalf of the Plaintiffs and the class they seek to represent.
2. For restitution of all amounts owed according to proof;

Respectfully submitted,

Dated:  May 7, 2018                    PALAY HEFELFINGER, APC

By:_____
DANIEL J. PALAY
Attorneys for Plaintiffs and
the Putative Class

/ / /

/ / /

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury in this matter.

Dated:  May 7, 2018            PALAY HEFELFINGER, APC

By: _____
DANIEL J. PALAY
Attorneys for Plaintiffs and
the Putative Class