United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF FULLER,<br><br>    Plaintiff,<br><br>v.<br><br>ZEP INC., et al.,<br><br>    Defendants. | Case No. 18-cv-02672-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO DISMISS; GRANTING LEAVE TO AMEND; AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 32 |

Now before the Court for consideration is the motion to dismiss or, in the alternative, to strike filed by Defendants Zep, Inc. ("Zep") and Acuity Specialty Products, Inc. ("Acuity") (collectively, "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for November 30, 2018, and it HEREBY GRANTS, IN PART, AND DENIES, IN PART Defendants' motion, and GRANTS Plaintiff leave to amend.

**BACKGROUND**

Plaintiff Jeff Fuller worked for Defendants as an outside sales representative in California. (First Amended Complaint ("FAC"), ¶¶ 1-2 10.)[1] Plaintiff alleges Defendants' principal places of business are located in Atlanta, Georgia. (*Id.* ¶ 11.) According to Plaintiff, Defendants did not tell its outside sales representatives that accounts they obtained or commissions generated from those

---

[1] Plaintiff alleges that he worked for "Defendants" and alleges that Acuity is a Zep subsidiary. (FAC ¶¶ 10-11.)

1

accounts could be "taken from them unilaterally by Defendants." (*Id.* ¶ 4.) Plaintiff alleges that he and other outside sales persons were informed, in writing, that commissions would be earned when the customer made payments. (*Id.*) Plaintiff also alleges that outside sales representatives "were promised in writing that any changes to any commission program could only be applied 'prospectively.'" (*Id.* ¶ 5.) Contrary to these promises, in 2017 Zep surreptitiously began to take accounts and commissions obtained by its outside salespersons. (*Id.* ¶ 6.) In 2018, "Zep placed a policy in writing in which it acknowledged that it would begin taking accounts/commissions from its salespersons." (*Id.*)

Based on these and other allegations that the Court shall address as necessary, Plaintiff brings putative nationwide class claims for breach of contract, breach of the implied covenant of good faith and fair dealing, failure to pay wages in violation of California Labor Code sections 204 and 223, and unjust enrichment.[2]

## ANALYSIS

### A. Applicable Legal Standards.

Defendants argue the Court lacks personal jurisdiction over the putative nationwide class claims, but they do not contest that the Court has jurisdiction over Plaintiff's claims. When a defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), a plaintiff bears the burden to establish the Court has personal jurisdiction over the defendant. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). When "a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. … That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted); *see also AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Where the facts are not directly controverted, plaintiff's version of the facts is taken as true. *See AT&T*, 94 F.3d at 588.

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted

---

[2] Plaintiff refers to a collective action in his complaint. He has not asserted a claim under the Fair Labor Standards Act.

by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). California's long-arm statute permits a Court to exercise personal jurisdiction over a defendant whenever the exercise of such jurisdiction would be consistent with due process. *See id.*; *see also* Cal. Code of Civ. Pro. § 410.10. The exercise of personal jurisdiction over a defendant comports with the Due Process Clause where the defendant has sufficient "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945).

Defendants also move to dismiss for failure to state a claim. On a Rule 12(b)(6) motion, the Court assumes "that all the allegations in the complaint are true[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a claim for relief will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, the Court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.     The Court Denies the Motion to Dismiss or Strike the Class Claims.**

Defendants argue that the Court lacks jurisdiction over the putative nationwide class claims, relying on *Bristol-Myers Squibb Co. v. Superior Court of California*. __ U.S. __, 137 S.Ct. 1773 (2017). In that case, a group of over 600 individuals, only some of whom were California residents, filed suit in California state court asserting claims under California law based

3

on harm they allegedly suffered based on the defendant's sale of the drug Plavix. *Id.* at 1778. The Supreme Court held that the trial court could not exercise specific jurisdiction over claims asserted by non-resident named plaintiffs. The Court reasoned that to exercise specific jurisdiction over a non-resident defendant, "settled principles" required an "affiliation between the forum and the underlying controversy, principally, [an] activity or occurrence that takes place in the forum State." *Id.* at 1781 (quoting *Goodyear Dunlop Tires Ops. S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

The non-resident plaintiffs: had not been prescribed Plavix in California; had not purchased it in California; had not ingested it in California; and had not been injured in California. "The mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California – and allegedly sustained the same injuries as did the non-residents – does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.* Thus, because all the relevant harm to the non-resident plaintiffs occurred outside of California, "the California courts cannot claim specific jurisdiction." *Id.* at 1782.[3] The Court stated, however, that it left "open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id.* at 1784; *see also id.* at 1789 n.4 (Sotomayor, J., dissenting) ("The Court today does not confront the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there.").

The Ninth Circuit has not addressed whether and how the *Bristol-Myers* opinion would apply to the claims of unnamed class members in a putative nationwide class action. "[D]istrict courts are divided over how far to apply its holding and reasoning." *In re Packaging Seafood Prods. Antitrust Litig.*, -- F. Supp. 3d --, 2018 WL 4222506, at *31-32 (C.D. Cal. Sept. 5, 2018) (collecting cases).

Defendants rely on several cases in which courts have granted motions to dismiss based on

---

[3] Because the defendant was incorporated in Delaware and had its principal places of business in New York and New Jersey, the trial court could not exercise general jurisdiction over the defendant. *Bristol-Meyers*, 137 S.Ct. at 1777-78, 1783.

4

*Bristol-Myers.* For example, in *DeBernardis v. NBTY, Inc.*, the court stated it was a "close question" but concluded that it "is more likely than not based on the Supreme Court's comments about federalism that the courts will apply *Bristol-Myers Squibb* to outlaw nationwide class actions in a form [*sic*], such as in this case, where there is no general jurisdiction over the Defendants." No. 17 C 6125, 2018 WL 461228, at *2 (N.D. Ill. Jan. 18, 2018). Therefore, the court granted defendants' motion to dismiss. *Id.*; *see also Practice Mgmt. Support Servs., Inc. v. Cirque Du Soleil, Inc.*, 301 F. Supp. 3d 840, 860-62 (N.D. Ill. 2018) (dismissing claims of non-resident unnamed class members). *But see Al Haj v. Pfizer, Inc.*, -- F.3d --, 2018 WL 3707561, at * (N.D. Ill. Aug. 3, 2018) (concluding that *Bristol-Myers* does not apply to absent class members).

Defendants also rely on *Muir v. Nature's Bounty,* No. 15 C 9835, 2018 WL 3647115, at *5 (N.D. Ill. Aug. 1, 2018) and *Spratley v. FCA US LLC*, No. 17-cv-0062, 2017 WL 4023348, at * 7 (N.D. N.Y. Sept. 12, 2017). However, in each of those cases, the court dismissed claims brought by named plaintiffs and did not address claims of absent class members. For that reason, the Court finds those cases distinguishable.[4]

In contrast to the cases on which Defendants rely, in *Swamy v. Title Source, Inc.*, the court determined that "*Bristol-Myers* does not apply to divest courts of personal jurisdiction in FLSA collective actions." No. 17-cv-01175-WHA, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017). The *Swamy* court distinguished *Bristol-Myers* on the basis that the case involved "a federal claim created by Congress specifically to address employment practices nationwide," and it found that to expand *Bristol-Myers* in that situation "would splinter most nationwide collective actions, trespass on the expressed intent of Congress, and greatly diminish the efficacy of FLSA collective actions as a means to vindicate employees' rights." *Id.*; *cf. Dennis v. IDT Corp.*, No. 18-cv-2302-LMM, 2018 WL 5631102, at *3 (N.D. Ga. Oct. 18, 2018) (declining to extend *Bristol-Myers* to putative nationwide class actions asserting alleged violations of Telephone Consumer Protection Act).

---

[4] In further support of their argument, Defendants rely on *Wenkour v. AXA Equitable Life Ins. Co.*, in which the court stated, in a footnote, that it "lacks personal jurisdiction over the claims of putative class members with no connection to Arizona[.]" No. 17-cv-00165-PHX-DLR, 2017 WL 4357916, at *4 n.4 (D. Ariz. Oct. 2, 2017). However, that court did not analyze the issue and, for that reason, the Court does not find it persuasive.

Another court within this District determined that *Bristol-Myers* is applicable to federal courts, but it declined to extend the holding to a putative nationwide class action in which the plaintiff only asserted claims under California law. *Fitzhenry-Russell v. Dr. Pepper Snapple Group, Inc.*, No. 17-cv-00564-NC, 2017 WL 4224723, at *4-*5 (N.D. Cal. Sept. 22, 2017); *cf. Molock v. Whole Foods Market, Inc.*, 297 F. Supp. 3d 114, 123-27 (D.D.C. 2018) (dismissing claims of *named* plaintiffs where there was no connection between their claims and forum state but declining to apply *Bristol-Myers* to claims of absent class members).[5] The *Fitzhenry-Russell* court concluded that "*Bristol-Myers* is meaningfully distinguishable based on the" fact that "each plaintiff was a named plaintiff." *Id.*, 2017 WL 4224723, at *5. Therefore, the court determined it had jurisdiction of the claims of the absent class members. *Id.*

In reaching its conclusion, the *Fitzhenry-Russell* court reasoned the Supreme Court has stated that "[n]onnamed class members … may be parties for some purposes and not for others," and that whether a person is a party can represent a "conclusion about the applicability of various procedural rules that may differ based on context." *Id.*, 2017 WL 4224723, at *5 (quoting *Devlin v. Scardelletti*, 536 U.S. 1, 9-10 (2002), emphasis omitted). In *Devlin,* the Supreme Court held that although putative class members are "parties in the sense that the filing of an action on behalf of the class tolls a statute of limitations against them," they are not parties for determining whether diversity exists. 536 U.S. at 10. In addition, the Ninth Circuit has held that "[i]n a class action, standing is satisfied if at least one named plaintiff meets the requirements." *Bates v. United Parcel Serv.*, 511 F.3d 974, 985 (9th Cir. 2007).

In *Knotts v. Nissan N. Am., Inc.*, another putative class action in which the plaintiff asserted only state law claims, the court held that *Bristol-Myers* "is inapplicable to unnamed parties in a federal class action suit." -- F. Supp. 3d --, 2018 WL 4922360, at *14 (D. Minn. Oct.

---

[5] At least one court in this District deferred ruling on the issue of whether it could assert jurisdiction over claims of non-resident putative class members until the class certification stage. *Gasser v. Kiss My Face, LLC,* No. 17-cv-01675-JSC, 2018 WL 4538729, at *2 (N.D. Cal. Sept. 21, 2018). The *Gasser* court concluded it was premature to address that question because the putative class members were "not yet (and may never be) parties to this action[.]" *Id.*

10, 2018). Like the *Fitzhenry-Russell* court, it reasoned that the putative class members were not named parties, unlike the plaintiffs in *Bristol-Myers*. It also noted that with respect to due process concerns, "a class action suit must satisfy due process procedural safeguards that do not exist in mass tort actions." *Id.*, 2018 WL 4292360, at *15.

Unlike *Bristol-Myers*, this case is not a mass action. In addition, it is undisputed that the Court has jurisdiction over Defendants based on the named Plaintiff's claims, while the putative class members are not yet before this Court. Although this case does not involve a federal claim, as the court stated in *Swamy*, an extension of *Bristol-Myers* in this context could "splinter nationwide [class] actions[.]" *Swamy*, 2017 WL 5196780, at *2. It could also frustrate the primary purposes of Rule 23's class action procedure: "promotion of efficiency and economy of litigation." *Crown, Cork & Seal. Co. v. Parker*, 462 U.S. 345, 349 (1983). The examples of when absent class members would be considered "parties" set forth in *Devlin*, and the Ninth Circuit's ruling in *Bates* strongly suggest that absent class members would not be considered parties for purposes of evaluating personal jurisdiction.

In the absence of clear authority from the Supreme Court or from the Ninth Circuit on this issue, the Court finds the reasoning set forth in cases such as *Fitzhenry-Russell*, *Knotts*, and *Al Haj* more persuasive than the line of cases on which Defendants rely. Accordingly, it declines to extend the holding of *Bristol-Myers* to this case, and it DENIES, IN PART, Defendants' motion on that basis.

Defendants also argue there are insufficient facts to support Plaintiff's putative nationwide class claims because Plaintiff seeks to apply California law extraterritorially and lacks standing to pursue claims on behalf of individuals under other state laws. In his opposition, Plaintiff asserts that his third claim for relief is applicable solely to a California sub-class, which is consistent with the allegations in the Complaint. (Compl. ¶ 37.) It also is not clear from the face of the Complaint that Plaintiff is seeking to apply non-California law to his remaining claims. The Court concludes that Defendants' arguments about Plaintiff's ability to represent a nationwide class on the first, second, and fourth claims for relief are better addressed in the context of class certification briefing.

7

Accordingly, the Court DENIES, IN PART, Defendants' motion on this basis as well.

## C. The Court Dismisses the Third Claim for Relief, With Leave to Amend.

Plaintiff's third claim for relief alleges Defendants violated Labor Code sections 204 and 223. Section 204 provides, in part, that "[a]ll wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Section 223 provides that "[w]here any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by state or by contract."

Defendants argue these provisions of the Labor Code do not provide for a private right of action. Plaintiff argues that Labor Code section 218 gives him the right to sue for alleged violations of these provisions because that statute provides, in pertinent part,"[n]othing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article."

Section 204 relates to when wages shall be paid, rather than providing a right to wages. The terms of Section 223 do not clearly create an entitlement to wages. As a result, many courts within the Ninth Circuit have held there is no private right of action for violations of these two provisions of the Labor Code. *See, e.g., Frausto v. Bank of America*, No. 18-cv-1983, 2018 WL 3659251, at \*10 (N.D. Cal. Aug. 2, 2018); *Pellegrini v. Huyessen, Inc.*, No. 17-cv-00135-CAB (JMA), 2017 WL 2908794, at \*10-11 (S.D. Cal. July 7, 2017); *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1136 (N.D. Cal. 2011).

The California Labor Code also provides that

> [n]otwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

Labor Code § 2699(a). Section 2699.3(a) provides that "[a] civil action by an aggrieved employee

8

pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after" the aggrieved employee complies with the requirements listed in that statute. The list of provisions set forth in Section 2699.5 includes both Sections 204 and 223. However, there is no indication that Plaintiff brings his claims pursuant to Section 2699.

Accordingly, the Court GRANTS, IN PART, Defendants' motion to dismiss on this basis. Because the Court cannot say it would be futile, the Court will grant Plaintiff leave to amend the third claim for relief.

## CONCLUSION

For the foregoing reasons, the Court GRANTS, IN PART, AND DENIES, IN PART, Defendants' motion to dismiss. Plaintiff may either file an amended complaint with respect to the third claim for relief or file a notice stating that he does not intend to amend that claim by December 10, 2018. Once Plaintiff has stated his intent, Defendants shall answer or otherwise respond within the time permitted by the Federal Rules of Civil Procedure. The parties shall appear on January 25, 2019 at 11:00 a.m., for the initial case management conference, and they shall submit a joint case management conference statement by January 18, 2019.

**IT IS SO ORDERED.**

Dated: November 19, 2018

_____
JEFFREY S. WHITE
United States District Judge